GANDÍA, APELADO, *v.* PIZÁ HNOS., S. EN C., APELANTES.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 875.—Resuelto en enero 23, 1913.

COSTAS—ERRORES FUNDAMENTALES—APELACIÓN.—Los errores fundamentales pueden alegarse por primera vez en apelación.

ID.—HONORARIOS DE ABOGADOS—ERRORES FUNDAMENTALES.—La objeción de que una parte no está obligada a pagar honorarios de abogados por no haber sido condenada expresamente a pagarlos, puede ser alegada por primera vez en apelación, aun cuando en el tribunal inferior dicha parte los hubiere impugnado únicamente por ser excesivos.

ID.—HONORARIOS DE ABOGADOS.—Para que una parte esté obligada a pagar honorarios de abogados como parte de las costas, es indispensable que sea condenada expresamente en la sentencia a pagar dichos honorarios.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Juan Hernández López.*

Abogado del apelado: *Sr. Antonio Sarmiento.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Dictada sentencia por la Corte de Distrito de San Juan, Sección 1ª., por la que condenó a los demandados Pizá Hermanos S. en C. a pagar a Ricardo A. Gandía Caldentey una determinada cantidad de dinero y las costas, presentó éste el siguiente memorándum de costas.

| | |
|---|---:|
| "Honorarios del secretario | $14. 85 |
| "Indemnización de testigos | 10. 65 |
| "Citación de testigos | 12. 00 |
| "Indemnización a peritos con gastos de viaje | 85. 00 |
| "Derechos notariales de los documentos presentados | 18. 00 |
| "Récord taquigráfico | 24. 00 |
| "Honorarios del letrado | 1, 500. 00 |
| "Total | $1, 664. 50 |

La sociedad condenada al pago en el propio asunto solicitó se le concediera un nuevo juicio, que le fué negado también con imposición de costas, y entonces el demandante presentó otro memorándum de costas comprendiendo las siguientes partidas:

"Gastos de la corte según sus libros_____  $1. 75
"Honorarios del letrado _____   200. 00

"Total_____  $201. 75

Uno y otro memorándum fueron impugnados por Pizá Hermanos S. en C. por los motivos, en cuanto al primero de que no debía pagar la partida de indemnización a peritos y sus gastos de viaje, por no estar justificado que en el juicio intervinieran peritos en carácter de tales; y también impugnó la partida de gastos por honorarios de abogado, porque conceptuaba excesiva la cantidad de $1,500 que por ese concepto se reclaman y pidió a la corte que se fijaran en $600.

El segundo memorándum sólo fué impugnado en la partida referente también a honorarios de abogado, porque no habiendo procedido con temeridad ni malicia al solicitar el nuevo juicio, no debió ser condenado en costas y, además, por considerar excesiva la cantidad de $200 que se reclaman.

La expresada corte de distrito por resolución de 9 de marzo de 1912 aprobó integramente el segundo memorándum y en cuanto al primero, lo redujo a $1,500, reduciendo así la cuantía de los honorarios de abogado.  Esta resolución ha sido apelada por los demandados Pizá Hermanos S. en C. motivando el presente recurso.

Los demandados y apelantes que en la corte inferior impugnaron las dos partidas de honorarios de abogado por considerarlas excesivas y que en consecuencia admitían no sólo tácitamente que debían alguna cantidad, sino que pidieron a la corte que los del primer memorándum se fijaran en $600, sostienen ahora por primera vez ante esta Corte Suprema en su alegato de errores, que no deben pagar nada por hono-

rarios de abogado porque no fueron condenados a satisfacerlos sino únicamente a pagar costas, cuya declaración no comprende aquéllos.

Ante este nuevo motivo de objeción de los demandados y apelantes, sostiene el apelado Ricardo Gandía Caldentey que no puede ser considerado por esta corte porque se ha alegado ante ella por primera vez y no fué una cuestión planteada ante la corte inferior, citando en su apoyo los casos de *Feliú* v. *Narváez,* 12 D. P. R., 139, y *Torres* v. *Lothrop,* 16 D. P. R., 182.

Por tanto, lo primero que hemos de resolver es, si habiéndose hecho una objeción por primera vez ante esta Corte Suprema podemos considerarla y resolverla.

Cuando el error u objeción propuesto o alegado por primera vez en la apelación es fundamental, entonces, aunque no se hubiera planteado la cuestión en la corte inferior, podemos considerarla y resolverla y sólo prescindiremos de tales cuestiones nuevas cuando, como en los casos citados por el apelado, tales cuestiones no son sustanciales a la cuestión en controversia sino que son de tal naturaleza que pudieron oponerse como excepciones para subsanar defectos en la demanda o reclamación, y que no habiendo sido hechas oportunamente, el derecho a alegarlas se entiende abandonado. Pero cuando la objeción es de tal índole que siendo cierto demuestra la carencia de acción, cual ocurre en el presente caso en que los demandados y apelantes sostienen que nada deben por honorarios de abogado a su contrario, entonces esa impugnación u objeción es equivalente a una excepción de que no existe causa de acción, que como privilegiada puede alegarse en cualquier tiempo, y aun por primera vez en apelación, según ya hemos resuelto en repetidos casos.

Así pues, estamos en condiciones de considerar ese motivo de error aducido por los demandados y apelantes.

Como las condenas impuestas a los apelantes fueron únicamente por las costas y no se especificó que debieran pagar honorarios de abogado, no están obligados a satisfacerlos de

acuerdo con la doctrina que hemos establecido en el caso de *Veve* v. *El Municipio de Fajardo,* 18 D. P. R., 764, en el que ampliamente tratamos y razonamos esa cuestión, y llegamos a la conclusión de que, si bien en pleitos de cuantía superior a $500, puede la parte contra quien se dicta el fallo, ser condenada a pagar los honorarios de abogado de la parte contraria, sin embargo, para que tenga tal deber de pagarlos, es necesario que la corte expresamente le haya condenado a satisfacerlos, sin que sea suficiente para deberlos, el que haya sido condenado en costas únicamente. En consecuencia, las dos partidas de $1,500 que figuran en el primer memorándum y de $200 en el segundo por honorarios de abogado, no son debidos por los apelantes Pizá Hermanos, S. en C.

La otra partida que se impugnó es la de $85 del primer memorándum por indemnización a peritos con gastos de viaje, y aun cuando se sostiene por los apelantes que no hubo tal dictamen pericial, sin embargo, como para contrarrestar esa objeción se presentó como prueba en la corte inferior el pleito de donde dimana el memorándum y la exposición del caso del mismo, y dichos documentos no se han incluído en la transcripción del caso que tenemos presente, hemos de aceptar la conclusión a que llegó el juez de la corte inferior, de que efectivamente hubo tal dictamen pericial y debe ser pagado.

En mérito de lo expuesto, la resolución de la corte inferior que aprobó el memorándum de costas, debe ser confirmada, excepto en las dos partidas referentes a honorarios de abogado, en cuyos extremos debe ser revocada.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.